■ KENNETH E. RAINE, as Trustee under an Agreement Entitled "Hollywood Film Trust Agreement", Respondent, v ALLIED ARTISTS PRODUCTIONS INCORPORATED et al., Appellants.—Order, Supreme Court, New York County, entered September 23, 1977, unanimously modified, on the law, and without costs and disbursements, to deny motion to dismiss the affirmative defenses, except as to the second defense which asserts the Statute of Limitations as a bar to the action, and to reinstate the other seven defenses and the counterclaim; deny summary judgment; and otherwise affirmed. In what has come to be known as the 1946 basic agreement, various motion picture producers agreed with the American Federation of Musicians that they would not license any of their films for exhibition on television without the union's prior consent. Thereafter, in a trust agreement dated February 1, 1954, it was provided that any motion picture producer signing the agreement would pay the trustee 5% of the revenues obtained from television for use of films subject to the consent provisions of the basic agreement and first shown on television prior to January 31, 1958. The defendants, Allied Artists Productions Incorporated and Allied Artists Pictures Corporation, executed copies of this agreement on August 9, 1955 and October 3, 1956, respectively. In this action the successor trustee under the trust agreement alleges that it was breached by the defendants and seeks an accounting and damages. In their answer, the defendants denied any breach of the agreement, asserted eight affirmative defenses, and by way of counterclaim sought rescission of the trust agreement and a determination that it was null and void. Three of the affirmative defenses allege that the agreement violated the Sherman Antitrust Act and article 22 of the General Business Law of New York State (the Donnelly Act), and also involved violations by the federation and its officers of section 186 of title 29 of the United States Code (the National Labor Management Relations Act). In addition, it is asserted in the various defenses that the plaintiff fails to state a cause of action; that the action was barred by the Statute of Limitations; that the execution of the trust agreement was induced by fraudulent representations; that the defendants had been released from all obligations pursuant to the agreement; and that the agreement violated EPTL 9-1.1 (the rule against perpetuities). The plaintiff moved (1) for an order pursuant to CPLR 3211 (subd [b]) dismissing the eight defenses and (2) pursuant to CPLR 3212 for summary judgment and directing a hearing to assess damages. In the accompanying affidavit by plaintiff's counsel, it is argued that summary judgment would follow the granting of the motion to dismiss the defenses. This affidavit sets forth no material facts based upon the affiant's knowledge and was responded to by an affidavit signed by the defendants' counsel which likewise set forth no material facts based upon personal knowledge.

Special Term dismissed the eight affirmative defenses and granted summary judgment to the extent of setting the matter down for an assessment of damages. CPLR 3212 (subd [b]) permits a defense to be dismissed "on the ground that a defense is not stated or has no merit." By that standard, it is apparent that almost all of the dismissed defenses were legally sufficient on their face. Four of the defenses (those relating to the Sherman Act, the Donnelly Act, the NLRA and the alleged release) were dismissed on the erroneous understanding that the issues were controlled by the decision in *Republic Prods. v American Federation of Musicians of U. S. & Canada* (245 F Supp 475), in which the agreements here in issue were upheld as not violative of the Sherman Act. At best, the *Republic* decision would have relevance only with regard to the alleged violation of the Sherman Act. Even as to that defense, however, the opinion was based on factual findings following a trial in which these defendants were not parties and, accordingly, does not bind them here. Two of the defenses (those relating to alleged fraudulent misrepresentations and the Rule against Perpetuities) were apparently dismissed on the view that the defendants had failed to make some kind of factual showing. No such factual showing was required in response to a motion addressed to the legal sufficiency of the defenses, and as Special Term appropriately noted, the affidavit submitted in support of the motions also failed to present relevant admissible evidence. A somewhat different problem, however, is presented by the Statute of Limitations defense. Although the procedure was technically defective, Special Term's attention was directed to the existence of two documents dated July 9, 1963 and April 7, 1966, respectively, in which these defendants agreed to waive the Statute of Limitations with regard to any claimed breach of the trust agreement. The authenticity of these documents does not appear to be disputed, and no suggestion has been made of the existence of other facts that would impair or avoid their legal effect. Under the circumstances, we believe that Special Term was correct in dismissing the Statute of Limitations defense under subdivision 1 of section 17-103 of the General Obligations Law. (See *Andrews v Cosmopolitan Bank,* 183 App Div 787.) As to the first affirmative defense alleging that the plaintiff failed to state a cause of action, the principle appears to have become accepted that such a defense may be dismissed only if all the other affirmative defenses are found to be legally insufficient. (See *Riland v Todman & Co.,* 56 AD2d 350.) Accordingly, the order appealed from is modified as indicated above. Concur—Kupferman, J. P., Lupiano, Lane, Sandler and Sullivan, JJ.