■ MATTHEW BLEI, Respondent-Appellant, v INTER-MARITIME FORWARD-ING COMPANY, INC., Appellant-Respondent.—In an action to recover attorney's fees under a retainer agreement, defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County, dated February 27, 1979, as granted the branch of plaintiff's motion which sought dismissal of defendants second and third affirmative defenses, and plaintiff cross-appeals from so much of the same order as denied the branch of his motion which sought dismissal of the fourth and fifth affirmative defenses. Order modified, on the law, by deleting therefrom the provision which denied the branch of the motion seeking dismissal of the fourth and fifth affirmative defenses and substituting therefor a provision granting the said branch of plaintiff's motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and with leave to defendant to replead as to the second, third, fourth and fifth affirmative defenses. Defendant's time to replead is extended until 20 days after service upon it of a copy of the order to be entered hereon, together with notice of entry thereof. The affirmative defenses in question are replete with mere conclusory allegations. As such, they fail to comport with the requirements of CPLR 3013 (see *Foley v D'Agostino,* 21 AD2d 60) and, in the case of the affirmative defense predicated upon fraud, it fails to comport with CPLR 3016 as well (see *Lanzi v Brooks,* 54 AD2d 1057). We do not suggest, however, that the defendant was required to make any factual showing in support of the facial adequacy of its defenses in the context of a motion pursuant to CPLR 3211 (subd [b]) (see *Raine v Allied Artists Prods.,* 63 AD2d 914). Defendant is granted leave to replead its second through fifth affirmative defenses in accordance with the mandates of procedural law (see CPLR 3013, 3016, subd [b]). Lazer, J. P., Gulotta, Cohalan and Gibbons, JJ., concur.

■ BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, v AARON COHEN et al., Appellants.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Kings County, dated January 22, 1979, that granted the petition and stayed arbitration. Judgment affirmed, with $50 costs and disbursements. Pursuant to the collective bargaining agreement between the parties, appellants served a demand for arbitration concerning the denial of salary and benefits "in violation of Article Seventeen D." The petitioner moved to stay arbitration on the ground that the parties had not agreed to arbitrate such a dispute. Its position was that article 17D states that in the event of a layoff "applicable provisions of law will be followed to determine the staff member to be laid off" and that the agreement between the parties excluded from the definition of grievance "any matter as to which (1) a method of review is prescribed by law". Here, the rights enuring to employees who were laid off was clearly a matter subject to judicial review. In any event, the language in the agreement is less than "express, direct and unequivocal" on whether the parties agreed to *arbitrate* this matter and arbitration was properly stayed (see *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 510-511; accord *Matter of South Colonie School Dist. [South Colonie Teachers Assn.],* 46 NY2d 521). Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.