OPINION OF THE COURT
Per Curiam.
Order entered April 18,1990 affirmed, with $10 costs.
On July 6, 1989, the parties to this holdover proceeding executed a stipulation in which respondent Allen, life partner of the deceased rent-stabilized tenant, agreed to vacate the apartment premises by August 31, 1990 and to refrain from subsequent applications to extend the stay beyond that date "except for good cause shown”. Coincidentally, on the same day the stipulation was executed, the Court of Appeals rendered its decision in Braschi v Stahl Assocs. Co. (74 NY2d 201, 211), affording noneviction protection to persons who had lived with a rent-controlled tenant under a broadened and "more realistic” definition of a family unit. Thereafter, the Braschi rationale was extended to encompass unrelated family members in rent-stabilized apartments (East 10th St. Assocs. v Estate of Goldstein, 154 AD2d 142), and codified in the Rent Stabilization Code (9 NYCRR 2520.6 [o]; 2523.5 [b]).
Upon respondent’s motion to vacate the stipulation and after a hearing held thereon, the Housing Court granted the application and dismissed the petition, finding that respondent qualified for succession as a surviving family member of the decedent. The court’s determination is affirmed in all respects. As we have stated in an almost identical fact pattern: "The enforcement of the stipulation remained subject to the supervision of the court (Malvin v. Schwartz, 65 AD2d 769), which retains jurisdiction in appropriate circumstances to grant relief from its own judgments (Oppenheim v. Spike, 107 Misc.2d 55) * * * The remedial nature of the [rent stabilization] laws, and the broad construction which has been given to the succession regulations (Braschi v. Stahl Assoc., 74 N.Y.2d 201, 208; [and East 10th St. Assocs. v Estate of Goldstein, 154 AD2d 142, supra]), outweigh considerations of finality which might otherwise obtain in the enforcement of settlements reached in commercial contexts. This is particularly so where the warrant has not been executed and the status quo ante can be restored (see generally, Matter of Frutiger, 29 N.Y.2d 143, 149-150).” (Weehawken St. Assocs. v Estate of Nudorg, NYLJ, Mar. 26, 1991, at 21, col 3 [App Term, 1st Dept].) The record evidence in this case amply demonstrates the existence *640 of sufficient cause for relief from the stipulation. Respondent and the decedent lived together exclusively at the premises for almost 10 years, vacationed and traveled together, and held themselves out as a couple. Respondent cared for the decedent during the latter’s final illness. Further, respondent was designated executor and beneficiary of the residual estate under the decedent’s will, and was also a beneficiary of a trust account. Based upon the proven emotional and financial interdependence between respondent and the tenant of record, respondent established his entitlement to be named as a tenant on a renewal lease.
Ostrau, P. J., Riccobono and Parness, JJ., concur.