■ In the Matter of MICHELLE MYERS, Appellant, v JOSEPH A. D'AGOSTA, as Acting Deputy Commissioner of the Division of Housing and Community Renewal, Respondent, and 339 EAST 12TH STREET ASSOCIATES, Intervernor-Respondent. [608 NYS2d 447] —Judgment, Supreme Court, New York County (Walter Schackman, J.), entered June 4, 1993, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination denying petitioner an award of treble damages for a rent overcharge, and dismissed the petition, unanimously affirmed, without costs.

Respondent Division's determination that the proof adduced was sufficient to rebut the presumption that intervenor-re-

spondent landlord had willfully overcharged petitioner has a rational basis *(see, Matter of Round Hill Mgt. Co. v Higgins,* 177 AD2d 256), namely a reasonable belief by the landlord that substantial renovations to the apartment permitted it to charge a free market first rent, a misconception that was widespread and not clarified until 1987, when the Division issued a ruling that renovations did not qualify an apartment for a free market first rent unless the boundary walls of the apartment were moved *(Matter of Windsor Plaza Co. v New York State Div. of Hous. & Community Renewal,* 144 AD2d 1046, *lv denied* 74 NY2d 605 [confirming *Matter of Windsor Plaza Co.,* Off of Rent Admin docket No. ARL 04966-L]). Concur—Murphy, P. J., Kupferman, Asch, Williams and Tom, JJ.