■ FRIESCH-GRONINGSCHE HYPOTHEEKBANK REALTY CREDIT CORPORATION et al., Appellants, v ANGELO SLABAKIS, Respondent, et al., Defendants. [626 NYS2d 124] —Order of the Supreme Court, New York County (Edith Miller, J.), entered October 20, 1994, which, *inter alia,* denied plaintiffs' motion for a writ of assistance pursuant to RPAPL 221 to gain possession of apartments from defendant Slabakis and which directed a hearing to determine whether defendant was a rent-stabilized tenant, unanimously reversed, on the law and facts, to the extent appealed from and the motion granted, with costs and disbursements payable to plaintiffs.

While the IAS Court properly granted plaintiffs' motion of a writ of assistance as to defendant Ward, it erred in denying the same relief as to defendant Slabakis. Defendant Slabakis, a principal of Ward, the owner of the premises, with a 99% interest in Ward and a limited guarantor of its obligations, cannot benefit from the protection of the Rent Stabilization Code, since he did not establish the existence of any landlord-

tenant relationship between himself and Ward. The Court depended upon his bald, unsupported statement that he entered into a lease with the owners for two apartments prior to the institution of the foreclosure proceedings. No such lease was produced by him, and the annual filings mandated by the rent stabilization laws, made by the defendants, Ward and Slabakis, with the Division of Housing and Community Renewal do *not* include him as a tenant.

Even if a lease did exist, it would be a sham since it would be between defendant Slabakis and Ward Equities in which he has a 99% interest and full control. Further, not only has there been no showing by defendant of a bona fide lease, it is undisputed that he has paid no rent or use and occupancy for the subject premises during the last three years and defendant does *not* contend he has tendered any such payment. Independently, therefore, on this ground, he would not be entitled to the protection of the Rent Stabilization Law *(see, United Sec. Corp. v Suchman,* 307 NY 48; *De Santis v White Rose Assocs.,* 152 Misc 2d 567).

Finally, it appears that defendant maintained the two apartments at the premises for the purpose of conducting his business as principal of Ward. The protections of the Rent Stabilization Code are inapplicable to one who does not maintain an apartment as his primary residence (Rent Stabilization Code [9 NYCRR] § 2520.11 [k]; Emergency Tenant Protection Regulations [9 NYCRR] § 2500.9 [k]). Not only did defendant submit no evidence that he occupied the two apartments as his primary residence, he did not even affirmatively state in his opposition papers that he resided in both or either apartment. Concur—Wallach, J. P., Asch, Nardelli and Mazzarelli, JJ.