■ TIBBY BLUM et al., Appellants, v GRACETON ESTATES, INC., et al., Respondents. [644 NYS2d 35]

The motion court properly dismissed the complaint since the stipulation of settlement, dated November 1, 1988, wherein plaintiffs became rent-stabilized tenants of the subject premises, is insufficient to support their claim to a continuing right to the apartment at a rent-stabilized rate. The right to continued renewal leases under the Rent Stabilization Law is not absolute, and coverage may be terminated for various non-fault grounds (*Mayflower Assoc. v Gray*, NYLJ, Mar. 1, 1994, at 21, col 1 [App Term, 1st Dept]), including, as here, high income rent deregulation pursuant to the Rent Regulation Reformation Act of 1993 (McKinney's Uncons Laws of NY § 8625-a [Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) § 5-a, as added by L 1993, ch 253, § 9]). Nor were plaintiffs entitled to a life estate in the subject apartment, rather than merely the right to occupy the premises as rent-stabilized tenants. Plaintiffs failed to state a cause of action for reformation, upon a showing of mutual mistake, with respect to the unambiguous stipulation of settlement (*Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 29, *lv denied, lv dismissed* 80 NY2d 1005). The language of the stipulation establishes that plaintiffs received exactly what they had bargained for, a rent-stabilized tenancy, subject to all the rights and obligations attendant to any other rent-stabilized tenancy within the City of New York.

Plaintiffs' challenge to the rent charged for the subject apartment was properly rejected since in their stipulation of settlement plaintiffs acknowledged the propriety of the rental amount and specifically waived their right to object to the registered rent or to file any overcharge claims for the subject apartment (*437 Palisade Ave. Realty Corp. v Boyd*, 118 Misc 2d 577, 584, *affd* 124 Misc 2d 759).

We have considered plaintiffs' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli and Tom, JJ.