■ ALLEGRA KENT, Appellant, v BEDFORD APARTMENTS Co. et al., Respondents. [654 NYS2d 143] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 14, 1996, which, in an action to recover rent overcharges, granted defendant landlord's motion for summary judgment dismissing the complaint and denied plaintiff tenant's cross motion for summary judgment, unanimously affirmed, with costs.

After defendants commenced a holdover proceeding against plaintiff, the roommate of the recently deceased tenant of record of the subject apartment, the parties entered into a court-ordered stipulation under which plaintiff, who expressly represented that her primary residence was outside New York City, was given a rent-stabilized lease to the apartment and waived any right to challenge the rent charged by defendants. Therefore, even assuming, arguendo, that Rent Stabilization Code (9 NYCRR) § 2520.13 prohibits the waiver, under any and all circumstances, of a tenant's rights under the Rent Stabilization Law, plaintiff had not yet been established as a rent-stabilized tenant at the time she entered into the stipulation, and thus cannot rely on that provision. Plaintiff had a choice of either obtaining a judicial declaration of her status under the rent laws or entering into a stipulation that, much to her advantage, conferred that status. As indicated, we perceive no public policy or other reason for disregarding that choice, made with advice of counsel (see, Mitchell v New York Hosp., 61 NY2d 208, 214). Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.

■ RIUNIONE ADRIATICA DI SICURTA et al., Respondents, v MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Appellant. [655 NYS2d 353] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered May 30, 1996, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The court properly determined that the conflicting factual assertions required a jury determination of whether defendant primary insurer's acts and/or omissions constituted a gross disregard of the insured's interests amounting to bad faith (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 452-454; Hartford Ins. Co. v General Acc. Group Ins. Co., 177 AD2d 1046). Concur—Ellerin, J. P., Wallach, Williams and Mazzarelli, JJ.