McCooe, J. P.
(dissenting). I respectfully dissent. The issue is not whether a rent-stabilized tenant can be forced to accept a renewal lease with a different provision than the expired lease. The law is clear that she cannot. The issue is whether a tenant can accept the benefit of the new provision, ratify it and more than 10 years later seek to disaffirm the provision when the benefit is unavailable to her. The second issue is whether the parties can contract to pay legal fees, independent of the lease.
The 1985 renewal lease signed by the tenant, an attorney who has represented herself throughout this proceeding, authorized attorney’s fees which provision was not present in the prior lease. No objection was made to this provision.
The parties on September 14, 1995 during the summary proceeding entered into a partial stipulation of settlement, apparently in open court, leaving open various issues including attorney’s fees. Paragraph 2 of the stipulation states that "Each party reserves their [sic] right to legal fees.”
The petitioner has established its right to recovery on two theories. First, on the fee provision in the renewal lease. The tenant not only failed to object to the fee provision in the renewal lease for more than 10 years but has affirmatively sought *997 to utilize the same fee provision to which she now objects by seeking attorney’s fees. The stipulation was an acknowledgment of the reciprocal right to attorney’s fees and a knowing waiver of any right to object. (Blum v Graceton Estates, 228 AD2d 274; Kent v Bedford Apts. Co., 237 AD2d 140.)
A tenant may not waive the benefit of any provision of the Rent Stabilization Code and the tenant has not. A fee provision is a generally accepted neutral clause found in most leases which authorize recovery to the prevailing party. Rather than seeing this clause as the loss of a benefit, the tenant treated it as an added benefit not present in the prior lease, which would give her the right to recover attorney’s fees.
The second basis for the recovery of attorney’s fees is the stipulation. A stipulation is a contract and parties can agree to payment of attorney’s fees to the prevailing party. (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5.) The language that "Each party reserves their [sic] right to attorney’s fees” is a term of the contract which clearly shows an intent to provide for attorney’s fees. (Iacobacci v McAleavey, 222 AD2d 406, 407.) The controlling word is "right” which in common use means an entitlement. The Rent Stabilization Code is not implicated in this independent agreement between two attorneys entered into during litigation.
The tenant, an attorney, took advantage of the fee provision when she thought she would be successful. Once she lost, she disclaimed it. She should not have it both ways.
The order should be reversed and the matter remanded for an assessment of legal fees by the petitioner.
Freedman and Davis, JJ., concur; McCooe, J. P., dissents in a separate memorandum.