McCooe, J. P.
(dissenting). I respectfully dissent. The issue is whether the parties’ surrender agreement is valid. The majority finds that it violates New York City Rent and Rehabilitation Law (Administrative Code of City of NY) § 26-408 (a), which provides in pertinent part: “No tenant, so long as he or she continues to pay the rent to which the landlord is entitled, shall be removed from any housing accommodation which is subject to rent control under this chapter * * * notwithstanding any contract * * * entered into which provides for surrender of possession” except on grounds not relevant. (Emphasis supplied.)
After initiating negotiations with the landlord concerning potential “arrangements” for her anticipated “relocation” and upon advice of counsel, the tenant agreed to surrender possession of her rent-controlled apartment in exchange for substantial monetary consideration, including the landlord’s forgiveness of eight months of rent arrears concededly owed. The tenant has reneged on the agreement.
The agreement reads in part:
“Re: Termination of Tenancy
“1. I confirm that I am presently in arrears for rent due from June 1996 through January 1997.
“2. I hereby terminate my tenancy * * *
“5. If I vacate on or before March 31, 1997, you will pay me the sum of $10,000 * * *
*958 “7. If I am in complete compliance with all of the above terms, and I have vacated the apartment and delivered keys to you within the above specified dates, then you agree to waive all past due rent arrears as in paragraph 1 above, and you agree to waive all use and occupancy charges for periods after this date until March 31, 1997, or if I exercise either of the above options, until May 31, 1997, or June 30, 1997, respectively * * *
“10. I understand that all dates in this agreement are time of the essence, and that you will not agree to any extensions of time whatsoever. I agree that I will not attempt to file any Orders to Show Cause with any courts, and will not attempt to extend my time to vacate by any means.
“11. You agree that upon my signing of this agreement, you will immediately advise your attorney, Stuart I. Jacobs, that we have reached an agreement, and will advise him to stop any legal proceedings pending against me.” (Emphasis supplied.)
As the Court of Appeals stated in interpreting a counterpart provision of the former State Residential Rent Law: “The emergency housing legislation * * * was passed * * * to protect ‘tenants’ and assure them continued possession if they choose— or, to use the statutory language, so long as they continue — to pay rent. It is a privilege granted the occupant, not a duty forced upon him” (United Sec. Corp. v Suchman, 307 NY 48, 54-55; see also, Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Slabakis, 215 AD2d 154, 155 [nonpayment of rent waives the protection of the rent stabilization laws]; De Santis v White Rose Assocs., 152 Misc 2d 567, 572 [the protection applies only to those occupants who have not defaulted in payment of rent]). Furthermore, the clear language of New York City Rent and Rehabilitation Law § 26-408 (a) by its terms is inapplicable to surrender agreements under recognized principles of statutory construction where a tenant has failed to pay rent. (See, Matter of Duell v Condon, 84 NY2d 773, 780 [1995] [“When interpreting a statute, the words used by the Legislature are to be given their usual and commonly understood meaning unless the statute plainly indicates that a different meaning was intended”].)
Secondly, New York City Rent and Rehabilitation Law § 26-408 (a) is inapplicable to an agreement “to surrender possession of the apartment and resolve incidental differences.” (Matter of Matinzi v Joy, 60 NY2d 835, 836.) Matinzi does not distinguish between in-court and out-of-court agreements and *959 there is no reason shown to do so here. This tenant initiated the drawing of this agreement when she was in arrears in payment of rent in exchange for a waiver of rent due, additional monetary compensation and halting any pending legal proceeding at a time when she was receiving legal advice. (Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]; Blum v Graceton Estates, 228 AD2d 274 [Court upheld tenant’s waiver of right to challenge the rent charged in subject apartment due to stipulation. The tenants “received exactly what they had bargained for”]; Kent v Bedford Apts., 237 AD2d 140 [unless public policy or other reason to disregard stipulation, Court will not disregard choice made with the advice of counsel].)
Finally, any defense of duress should be dismissed since the tenant initiated the contact leading to the subject agreement which is not shown to be unconscionable and she was receiving legal advice as to its terms. She took no steps to invalidate the agreement but continued occupancy without paying rent. The same legal principles applicable to setting aside stipulations should govern here and in a comparable case.
I would reverse, deny the motion for summary judgment and remand for trial.
Freedman and Gonzalez, JJ., concur; McCooe, J. P., dissents in a separate memorandum.