OPINION OF THE COURT
Per Curiam.
*162 By the terms of the parties’ so-ordered November 1995 stipulation executed in settlement of prior litigation, tenant was issued an initial rent-stabilized lease by petitioner New York University (NYU) “subject to all of the rights, benefits and obligations of rent stabilized tenants under the Rent Stabilization Law and Code” (emphasis added). The parties further agreed that in the event any court or agency thereafter found the apartment premises did not qualify for stabilization coverage, petitioner “cannot refuse to renew [tenant’s] lease except on the grounds of a breach of a substantial obligation of [tenant’s] tenancy * * * nonpayment of rent, or for one or more of the specified grounds listed in the Rent Stabilization Code, which are incorporated herein as contractual provisions agreed by both parties independent of the regulatory status of the premises.”
NYU subsequently commenced this holdover proceeding for possession based upon its intent to utilize the premises in connection with its educational purposes (Rent Stabilization Code [9 NYCRR] § 2524.4 [b]). We affirm Civil Court’s order striking tenant’s affirmative defenses based upon NYU’s alleged breach of the stipulation attributable to its failure to renew the lease. The stipulation was expressly made subject to tenant’s “obligations” under the Code and referenced the “specified grounds” for nonrenewal, one of which is institutional use. The right to continued renewal leases under the Rent Stabilization Law is not absolute, and coverage may be terminated for various non-fault grounds (Blum v Graceton Estates, 228 AD2d 274). The stipulation, which was the result of “extensive negotiations” between parties represented by counsel, did not limit in any way NYU’s remedy to proceed under the institutional use exemption. Such an intent may not be presumed, since it would add to or vary the unambiguous terms of the agreement. “Stipulations of settlement are essentially contracts and will be construed in accordance with contract principles and the parties’ intent” (Sharp v Stavisky, 221 AD2d 216, 217 [internal quotation marks omitted]).
Tenant’s remaining arguments are without substantial merit. Having failed to provide a proper record as to the prior September 21, 2000 order addressing the jurisdictional defenses, tenant is precluded from contesting those issues on this appeal. In light of the jury waiver in tenant’s original lease, which was carried forward in the 1995 lease, the jury demand *163 was properly stricken. Finally, the court appropriately limited tenant’s discovery to a relevant scope of inquiry.
McCooe, J. P., Davis and Suarez, JJ., concur.