■ Roger Jazilek, Respondent, v Abart Holdings LLC, Appellant. [839 NYS2d 7]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about October 4, 2006, insofar as it denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The parties entered into a so-ordered stipulation in Housing Court in April 2002 to settle a summary holdover proceeding against plaintiff. Prior to the stipulation, plaintiff had been the illegal subtenant of a rent-stabilized tenant who surrendered possession of the subject apartment to defendant landlord; hence, plaintiff had no legal right to tenancy or status as a tenant, rent stabilized or otherwise. The stipulation provided that defendant landlord would offer plaintiff a two-year lease in his own name at a preferential rent. This rent was unrelated to the prior tenant's rent-stabilized rate, and the lease the parties entered into was unregulated by reason of vacancy decontrol. Upon expiration of this lease, the parties renewed with a simi-

lar unregulated lease and preferential rent, for a one-year period. At the expiration of the second lease in April 2005, defendant refused to renew. Shortly thereafter, plaintiff stopped his rental payments, based on the refusal to renew, and commenced this action.

Plaintiff seeks a judgment declaring that he is the lawful rent-stabilized tenant of the apartment at issue and that the 2002 stipulation did not waive any protection under the Rent Stabilization Law. He also seeks establishment of his maximum legal regulated rent, and injunctive relief requiring that defendant provide him with a rent-stabilized lease and properly register the apartment in such status with the New York State Division of Housing and Community Renewal.

The complaint should be dismissed pursuant to CPLR 3211 (a) (1). The parties' duly negotiated, so-ordered stipulation constitutes a binding agreement, the sole source of plaintiff's tenancy rights, and documentary evidence dispositive of plaintiff's claims. That agreement permitted him tenancy at the pleasure of the landlord, conferred no rights other than those stated, and established no status or protection under the Rent Stabilization Law. Thus, it provides no basis for plaintiff's claims (*see Kent v Bedford Apts. Co.*, 237 AD2d 140 [1997]).

The relief plaintiff seeks would require vacatur of the stipulation and either trial or resettlement of the underlying holdover proceeding. This relief must be sought in Housing Court where the stipulation was entered (*see 390 W. End Ave. Assoc. v Youngstein*, 221 AD2d 292, 294 [1995]; *Strassman v Estate of Eggena*, 151 Misc 2d 638 [App Term 1992]; *see also Hopkins v Hopkins*, 97 AD2d 457 [1983]). Concur—Andrias, J.P., Friedman, Sullivan, Williams and Catterson, JJ.