■ GARY SMOKE, Appellant, v WINDERMERE OWNERS LLC et al., Respondents. [12 NYS3d 885]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 30, 2014, which denied plaintiff's motion for summary judgment as to rent overcharge damages and set the matter down for a hearing, unanimously affirmed, without costs.

The court found defendant Windermere Owners LLC liable for rent overcharges based on its inability to provide adequate documentation for the improvements that were the basis for removing plaintiff's apartment from rent stabilization. However, since the improvements were made more than a decade ago and many years before the building was acquired

from Windemere Chateau, Inc., the prior owner, triable issues of fact exist as to Windermere Owners LLC's ability to rebut the presumption that the inadequately documented overcharges were willful so as to incur liability for treble damages (*see e.g. Matter of Myers v D'Agosta*, 202 AD2d 223 [1st Dept 1994]; *Matter of Round Hill Mgt. Co. v Higgins*, 177 AD2d 256 [1st Dept 1991]).

The default formula set forth in *Thornton v Baron* (5 NY3d 175 [2005]) is to be used to calculate the overcharge damages. Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.