■ Luissa Chekowsky, Appellant, v Windermere Owners, LLC et al., Respondents. [14 NYS3d 35]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered December 30, 2014, granting plaintiff's motion to compel defendants to comply with this Court's order on a prior appeal, which declared that plaintiff is entitled to a rent-stabilized lease (114 AD3d 541 [1st Dept 2014]), solely to the extent of ordering the parties to comply with Supreme Court's order directing that a hearing be held to determine whether the parties are to comply with this Court's order, unanimously reversed, on the law, without costs, this Court's prior order modified, nostra sponte, to declare that plaintiff is not entitled to a rent-stabilized lease, and the motion denied. Order, same court and Justice, entered December 30, 2014, which granted plaintiff's motion for summary judgment on damages solely to the extent of directing a hearing on whether plaintiff forfeited her right to a rent-stabilized lease, unanimously modified, on the law, to direct a hearing on overcharge damages, and otherwise affirmed, without costs.

On the prior appeal, this Court found defendant Windermere Owners LLC liable for rent overcharges based on its inability to provide adequate documentation for improvements resulting in the removal of plaintiff's apartment from rent stabilization and declared that plaintiff is entitled to a rent-stabilized lease. Unbeknownst to this Court, plaintiff had vacated the premises during the pendency of the proceeding. The record does not explain why this fact was not brought to our attention. In any event, the law does not extend the protection of rent stabilization to a person not using the subject apartment as a primary residence (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-504 [a] [1] [f]; NY City Rent and Rehabilitation Law [Administrative Code] § 26-403 [e] [2] [i] [10]; *see Friesch-Groningsche Hypotheekbank Realty Credit Corp. v Sla-*

*bakis*, 215 AD2d 154, 155 [1st Dept 1995]). Furthermore, it would be inequitable to disturb the possessory interest of the current tenant, who was never afforded an opportunity to be heard in the proceedings (CPLR 1001 [a]). Thus, we exercise our discretion to amend this Court's prior order to vacate the declaration that plaintiff is entitled to a renewal lease (CPLR 5015). Plaintiff, who vacated the premises in or about June, 2011, and no longer a tenant, is not entitled to a renewal lease.

To the extent it implicitly denied plaintiff's motion for summary judgment on rent overcharge damages, Supreme Court properly ordered a hearing to determine defendant Windermere Owners LLC's liability for treble damages. Given that the inadequately documented improvements resulting in the destabilization of the apartment were made more than a decade ago by the prior owner, defendant Windemere Chateau, Inc., and many years before the building was sold to Windermere Owners LLC, triable issues of fact exist as to the latter's ability to rebut the presumption that the inadequately documented overcharges were willful so as to warrant the award of treble damages (*see e.g. Matter of Myers v D'Agosta*, 202 AD2d 223 [1st Dept 1994]; *Matter of Round Hill Mgt. Co. v Higgins*, 177 AD2d 256 [1st Dept 1991]).

The default formula set forth in *Thornton v Baron* (5 NY3d 175 [2005]) is to be used to calculate the overcharge damages. Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.