Tribbs v 326-338 E 100th LLC (2023 NY Slip Op 01950)

Tribbs v 326-338 E 100th LLC

2023 NY Slip Op 01950

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Index No. 150179/18 Appeal No. 17536 Case No. 2022-00965 

[*1]Stuart Davidson Tribbs, on Behalf of Himself and All Others Similarly Situtated, Plaintiff-Respondent,
v
326-338 E 100th LLC et al., Defendants-Appellants.

Law Office of Stacie Bryce Feldman, New York (Stacie Bryce Feldman of counsel), for appellants.
Newman Ferrara LLP, New York (Roger A. Sachar of counsel), for respondent.

Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about December 20, 2021, and order and judgment (one paper), same court and Justice, entered on or about January 11, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on his claims and granted his CPLR 3211(b) motion to dismiss defendants' counterclaims and their first through sixteenth and twenty-third affirmative defenses, unanimously modified, on the law, to deny plaintiff's summary judgment motion and so much of his motion to dismiss the first and fifth affirmative defenses and second counterclaim, and otherwise affirmed, without costs.
CPLR 3212(b) states, "A motion for summary judgment shall be supported by affidavit . . . The affidavit shall be by a person having knowledge of the facts." Plaintiff failed to submit an affidavit. While he submitted his attorney's affirmation, "[s]uch an affirmation . . . is without evidentiary value" (Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Although plaintiff submitted his complaint, it is not verified, so it cannot be used in lieu of an affidavit (see CPLR 105[u]; Cupka v Remik Holdings LLC, 202 AD3d 473, 474 [1st Dept 2022]).
Even if we were to overlook the lack of an affidavit, plaintiff failed to establish a prima facie case by means of admissible evidence submitted with his moving papers. When, in May of 2021, the motion court said, "[f]raud may . . . be shown by an owner's failure to register apartments with DHCR [the Division of Housing and Community Renewal], coupled with increases in rent," it did not have the benefit of our decision in Ampim v 160 E. 48th St. Owner II LLC (208 AD3d 1085 [1st Dept 2022]), which said, "an increase in rent and failure to register [an] apartment with . . . DHCR . . ., standing alone, are insufficient to establish a colorable claim of a fraudulent scheme to deregulate the apartment" (id. at 1085-1086).
Moreover, even if the tax bills for the subject properties, a Notice of Property Value from the NYC Department of Finance, and plaintiff's 2015 lease were admissible, they merely show that defendant 326-338 E 100th LLC (Landlord) (1) misrepresented that plaintiff's apartment was exempt from rent regulation and (2) by implication, did not register it with DHCR. Plaintiff failed to demonstrate an increase in rent, or that landlord misrepresented the legal regulated rent (see Ampim, 208 AD3d at 1085-1086).
Plaintiff did show an increase in rent through documents submitted in reply. However, a movant may not use reply papers "to remedy . . . basic deficiencies in [his] prima facie showing" (Migdol v City of New York, 291 AD2d 201, 201 [1st Dept 2002]).
Because we find that plaintiff's summary judgment motion should have been denied, we need not address the parties' arguments about fraud. We decline to reach plaintiff's fact-based argument, made for the first time on appeal, that the default formula for a rent overcharge [*2]should apply because defendants engaged in a rental practice proscribed by Rent Stabilization Code (9 NYCRR) § 2525.3(d).
Defendants' opening brief on appeal discussed only 17 of their 23 defenses. In reply, they contend that the remaining defenses were not dismissed. This argument is unavailing. Plaintiff moved to dismiss all the defenses and discussed all of them in his briefs at nisi prius. The court granted plaintiff's motion in its entirety. Hence, by failing to mention the seventeenth through twenty-second defenses in their opening brief, defendants have abandoned their appeal from the dismissal of those defenses (see e.g. Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]).
The second through fourth defenses were properly dismissed on mootness grounds. If this were not a class action, those defenses would have merit (see Chekowsky v Windemere Owners LLC, 130 AD3d 523, 524 [1st Dept 2015] ["Plaintiff, who vacated the premises . . . and no longer (is) a tenant, is not entitled to a renewal lease"]). However, the class representative need not be able to "personally assert all the claims made on behalf of the class" (Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 22 [1st Dept 1991]).
The fifth defense, which contains factual allegations that the Tenant Protection Unit (TPU) of DHCR determined the amount of plaintiff's rent and that landlord provided him with a rent stabilized renewal lease, charging the amount of rent determined by TPU, should be reinstated, as it may provide a defense to plaintiff's claim of fraud, or a fraudulent scheme of deregulation or overcharge.
By contrast, the sixth and seventh defenses were properly dismissed, as they merely repeat and reallege the foregoing factual allegations and then assert that some of plaintiff's claims are moot. As noted above, mootness might be a valid defense if this were not a class action; however, the court has certified a class.
The eighth defense of res judicata and/or collateral estoppel, based on the TPU decision, was properly dismissed. "[R]es judicata and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies" (Ryan v New York Tel. Co., 62 NY2d 494, 499 [1984]). The TPU process was not a quasi-judicial determination. TPU merely asked landlord to send it information; it did not give plaintiff an opportunity to be heard.
The first affirmative defense (that the complaint fails to state a cause of action) should not have been dismissed. First, "[t]he assertion of that defense in an answer should not be subject to a motion to strike" (Riland v Todman & Co., 56 AD2d 350, 353 [1st Dept 1977]). Second, even if it is subject to a motion to strike, "such a defense may be dismissed only if all the other affirmative defenses are found to be legally insufficient" (Raine v Allied Artists Prods., 63 AD2d 914, 915 [1st Dept 1978]), which is no longer the case.
The court should not have dismissed the second counterclaim [*3]on the ground that defendants failed to produce leases. Plaintiff moved to dismiss pursuant to CPLR 3211. "No . . . factual showing [i]s required in response to a motion addressed to . . . legal sufficiency" (Raine, 63 AD2d at 915).
We have considered defendants' arguments about their ninth through sixteenth and twenty-third defenses and first counterclaim and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023