■ MERWEST REALTY CORP., Appellant, v FRAN PRAGER, Respondent. [694 NYS2d 38] —Order of the Appellate Term of the Supreme Court, First Department, entered August 6, 1998, which affirmed an order of the Civil Court, New York County (Marcy Friedman, J.), entered August 15, 1997, dismissing a summary holdover petition, unanimously reversed, on the law, without costs, respondent's motion to dismiss the proceeding denied, the petition reinstated, and the matter remanded to Civil Court for further proceedings.

We agree with the dissent at the Appellate Term that the parties' January 14, 1997 agreement terminating respondent's rent-controlled tenancy is not barred by Rent and Rehabilitation Law (Administrative Code of City of NY) § 26-408 (a). Respondent-tenant admittedly contacted petitioner-landlord on December 17, 1996, at a time when she was in arrears on her rent since June 1996, explained that she was considering relocating, and asked what arrangement the landlord would make concerning her apartment if she did. In subsequent telephone conversations with the landlord's representative, respondent asked for $20,000 in return for surrendering the apartment, but settled for $10,000. The resulting agreement, drafted by the landlord and rewritten by the tenant's attorney, acknowledged that respondent-tenant was presently in arrears for rent due from June 1996 through January 1997, and stated that she was thereby terminating her tenancy. As pertinent to this appeal, it further provided for the payment of $10,000 to the tenant if she vacated the premises on or before March 31, 1997 with options for extensions to June 30, 1997; for a mutual release and settlement of all outstanding claims and any prospective legal proceedings between the parties; and, that in the event respondent did not vacate the apartment by June 30, 1997, at the latest, she would be a holdover tenant occupying a decontrolled apartment illegally.

It is well settled that, unless public policy is affronted, the courts favor and encourage parties to civil disputes to fashion stipulations resolving such disputes, and that they may stipulate away statutory or even constitutional rights (*Mitchell v*

*New York Hosp.*, 61 NY2d 208, 214). The aforementioned provision of the Rent and Rehabilitation Law, while intended to protect the rights of a rent-controlled tenant, does not prohibit a tenant from agreeing, as here, where there is no evidence of bad faith or overreaching by the landlord, to surrender possession of the apartment and resolve incidental differences (*see, Matter of Matinzi v Joy*, 60 NY2d 835, 836, n). Nor do we perceive any distinction between in-court or out-of-court agreements (*but, cf., Draper v Georgia Props.*, 230 AD2d 455, 459, *appeal dismissed* 91 NY2d 849) or any public policy or other reason for disregarding the parties' agreement, made with the advice of counsel (*cf., Kent v Bedford Apts. Co.*, 237 AD2d 140). Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Saxe, JJ. [*See*, 173 Misc 2d 868; 177 Misc 2d 956.]