■ BERRY ECKSTEIN, Appellant, v NEW YORK UNIVERSITY, Respondent. [705 NYS2d 51] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered April 2, 1999, which denied plaintiff's motion for an order, *inter alia*, declaring that his apartment was subject to rent control, denied defendant's cross motion to dismiss the complaint and, *sua sponte*, dismissed the complaint on the ground that the action was a landlord-tenant dispute that should be heard in Civil Court, unanimously modified, on the law, to declare in defendant's favor that plaintiff's apartment is not subject to rent control and to grant defendant's cross motion to dismiss the balance of the complaint on the merits, and otherwise affirmed, with costs to defendant-respondent payable by plaintiff-appellant.

The motion court erred in denying defendant's cross motion to dismiss the complaint and in, *sua sponte*, dismissing the complaint on the ground that this action was nothing more than a landlord-tenant dispute that should have been heard in Civil Court. Supreme Court was the appropriate forum for this declaratory judgment action because there was no summary proceeding pending in the Civil Court at the time the declaratory judgment action was commenced (*see, Shadick v 430 Realty Co.*, 250 AD2d 417, 418). Although the motion court properly denied plaintiff's motion for declaratory and injunctive relief, it should have also declared in defendant's favor and granted defendant's cross motion otherwise to dismiss the complaint because plaintiff's apartment is not subject to rent control since the vacatur of his prior rent-controlled apartment was voluntary and beneficial to him. Nor, under these circumstances, was plaintiff's stipulation waiving rent control coverage, entered into at the time of plaintiff's vacatur of the prior apartment, void as a matter of law (*see, Merwest Realty Corp. v Prager*, 264 AD2d 313, 314). Concur—Tom, J. P., Wallach, Rubin and Saxe, JJ.