OPINION OF THE COURT
Per Curiam.
Order entered on or about May 12, 1999 affirmed, with $10 costs.
The record conclusively establishes that in January 1995, roughly five years after the residential building premises underwent a non-eviction-type conversion to condominium ownership, tenant entered into possession of the apartment at issue under a now expired lease agreement, which prominently provided that the tenancy was not governed by any form of rent regulation and that tenant “does not have the right to renew the Lease.” On these undisputed facts, Civil Court properly awarded summary judgment to landlord on its holdover petition, appropriately rejecting tenant’s contention that she qualifies as a “non-purchasing tenant” entitled to protection from eviction under General Business Law § 352-eeee.
In seeking refuge under the statute, tenant points to the definition of “[n] on-purchasing tenant” found in General Business Law § 352-eeee (1) (e): “A person who has not purchased under the plan and who is a tenant entitled to possession at the time the plan is declared effective or a person to whom a dwelling unit is rented subsequent to the effective date. A person who sublets a dwelling unit from a purchaser under the plan shall not be deemed a non-purchasing tenant.” (Emphasis supplied.) Tenant argues, in effect, that the definitional language is broad enough to extend statutory eviction protections in perpetuity to all tenants who lease apartments in converted condominium buildings, even those tenants whose possessory interest is created years after completion of the conversion process.
If adopted, however, tenant’s construction would contravene the stated legislative intent underlying the statutory scheme, i.e., to “restrict * * * rents and evictions during the process of conversion from rental to cooperative or condominium status” and to “protect * * * tenants in possession who do not desire or who are unable to purchase the units in which they reside from being coerced into vacating such units by reason of deterioration of services or otherwise or into purchasing such units under the threat of imminent eviction” (Legislative,Find *245 ing, L 1982, eh 555, § 1 [emphasis supplied]). Considering the harm sought to be avoided by the Legislature — the imminent eviction of tenants in possession during the conversion process — the statutory language conferring nonpurchasing tenant status on persons “to whom a dwelling unit is rented subsequent to the effective date” (General Business Law § 352-eeee [1] [e]) reasonably can be read to include only persons who lease a covered unit between the effective date of the offering plan and the closing date of the ownership conversion. “[I]t is generally the rule that the literal meaning of the words used must yield when necessary to give effect to the intention of the Legislature. In the interpretation of statutes, the spirit and purpose of the acts and the objects to be accomplished must be considered and given effect, and the literal meanings of words are not to be adhered to or suffered to defeat the general purpose and manifest policy intended to be promoted.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 111, at 225-226; see, Matter of Turner v Department of Fin., 242 AD2d 146, 147.) Put more concisely, “[t]he essential purpose of the statute should prevail over pure formalism.” (Ebert v New York City Health & Hosps. Corp., 82 NY2d 863, 866.)
Giving effect to the overarching purpose of General Business Law § 352-eeee to protect tenancies extant during the cooperative or condominium conversion process, we conclude that the tenant’s postconversion leasehold does not fall within the statute’s reach (compare, Piakoff v Harris, 185 Misc 2d 372). As one commentator aptly noted, “It is difficult to understand why GBL § 352-eeee, a statute designed to regulate conversions, should be twisted to afford post conversion tenants, strangers to the conversion transaction, a windfall benefit at the expense of the seller and purchaser principals.” (Goldsmith, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 19, General Business Law art 23-A, 2000 Pocket Part, at 83.)
McCooe, J. P., Davis and Gangel-Jacob, JJ., concur.