■ In the Matter of JACQUELYN PAYNE, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [731 NYS2d 729] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about December 12, 2000, which denied petitioner tenant's application to annul respondent State Division of Housing and Community Renewal's (DHCR) determination denying petitioner's rent overcharge complaint, and dismissed the petition, unanimously affirmed, without costs.

Petitioner's argument that DHCR used an incorrect base rent amount would require examination of the subject unit's rental history going back more than four years prior to the filing of her rent overcharge complaint, in violation of Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2) (*see, Zafra v Pilkes*, 245 AD2d 218; *see also, Matter of Silver v Lynch*, 283 AD2d 213; *Matter of Sessler v New York State Div. of Hous. & Community Renewal*, 282 AD2d 262; CPLR 213-a). DHCR's finding that the base rent should be the rent that petitioner agreed to pay at the commencement of

her occupancy was rationally based on the absence of any reviewable rent records prior to such agreement. Concur—Nardelli, J. P., Andrias, Lerner, Saxe and Marlow, JJ.