■ In the Matter of ADINA MARMELSTEIN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and CENPARK REALTY COMPANY, Intervenor-Respondent. [739 NYS2d 143] —Order and judgment (one paper), Supreme Court, New York County (Ira Gammerman, J.), entered June 1, 2000, dismissing a CPLR article 78 proceeding brought by a rent stabilized tenant to annul respondent State Division of Housing and Community Renewal's determination which, insofar as challenged by petitioner's brief, established the subject apartment's base rent, unanimously affirmed, without costs.

There is no merit to petitioner's argument that DHCR exceeded its authority and was otherwise arbitrary and capricious in retroactively applying Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a) (2) to the instant rent overcharge complaint filed before the enactment of that statute (see, Matter of Pechock v New York State Div. of Hous. & Community Renewal, 253 AD2d 655). Since the apartment was vacant four years prior to the filing of the overcharge complaint by petitioner's sister and predecessor in the apartment, and since petitioner's sister was the only tenant to occupy the apartment within the reviewable four-year period, a rational, if indeed not necessary, result of limiting examination of the apartment's rental history to such four-year period is a base rent in the amount of the first rent agreed to between petitioner's sister and respondent landlord (see, Matter of Payne v New York State Div. of Hous. & Community Renewal, 287 AD2d 415). We have considered and rejected petitioner's other arguments. Concur—Williams, P.J., Nardelli, Andrias, Sullivan and Friedman, JJ.