(April 3, 2003)

■ In the Matter of TAKAKO HATANAKA, Respondent, v JOSEPH LYNCH, Appellant. [756 NYS2d 578] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered February 22, 2001, which granted the tenant's petition and vacated the determination of appellant, dated August 2, 2000, denying the tenant's petition for administrative review and upholding the initial stabilized rent charged by the landlord, and which remanded the matter to the agency to consider the rental history of the subject apartment for more than four years prior to the filing of the rent overcharge complaint, unanimously reversed, on the law, without costs, the determination confirmed and tenant's petition dismissed.

Petitioner tenant took occupancy in November 1994 and filed a rent overcharge complaint in July 1997, alleging that the landlord had improperly raised the rent from a 1987 regulated amount. During the four years from August 1989 through August 1993, the demised premises, located in a class B hotel subject to the Rent Stabilization Law, was leased to the School of Visual Arts and used as a student residence, and was therefore temporarily exempt from regulation (Rent Stabilization Code [9 NYCRR] § 2520.11 [f]). The Rent Administrator determined that the legal regulated rent was an amount greater than that charged, based largely upon improvements, and that the tenant had not been overcharged. In response to tenant's subsequent petition for administrative review alleging inflated improvement costs and an improperly set new base rent, appellant determined that since the apartment had been leased by an educational institution and occupied by students on the base rent date and during the preceding four years, the

owner was entitled to charge petitioner a first rent. There is no tolling period for the four-year statute of limitations applicable to rent overcharge complaints imposed by the Rent Regulation Reform Act of 1997 nor is there any means for setting the legal regulated rent for a unit that has been temporarily exempt from regulation for more than such four-year period (*see* CPLR 213-a). There is an express proscription against applying the rental history reflected in any registration statement filed more than four years before the rent overcharge complaint was brought (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]). This legislative scheme "specifically 'preclude[s] examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of the complaint' " (*Zafra v Pilkes*, 245 AD2d 218, 219 [1997]) even where the prior rental history clearly indicates that an unauthorized rent increase had been imposed (*Matter of Silver v Lynch*, 283 AD2d 213, 214 [2001]; *see also Matter of Payne v New York State Div. of Hous. & Community Renewal*, 287 AD2d 415 [2001]; *Matter of Marmelstein v New York State Div. of Hous. & Community Renewal*, 292 AD2d 207 [2002]). As the agency to whose discretion this legislative scheme has been delegated, appellant's interpretation is entitled to great deference (*Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]; *Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]). The IAS court here improperly substituted its judgment for that of the agency since appellant's interpretation was neither unreasonable nor irrational (*see Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 551-552 [1997]). Where there are alternative interpretations of legislative directives, an agency responsible for administering the law has discretion to strike a policy balance. Concur—Buckley, P.J., Nardelli, Rosenberger and Marlow, JJ.