OPINION OF THE COURT
Memorandum.
Final judgment reversed without costs, underlying order vacated, landlord’s motion for summary judgment and to strike the affirmative defenses and counterclaim granted only to the extent of striking the affirmative defenses, tenant’s cross motion for leave to amend his answer to assert a Martin Act defense granted, the answer is deemed served and filed, and the matter is remanded to the Civil Court for further proceedings.
In this holdover proceeding, the Housing Court denied a cross motion by tenant seeking to amend his answer to assert a Martin Act defense (General Business Law § 352-eeee), reasoning that this defense was “impliedly waived” by virtue of a stipulation in a 1993 holdover proceeding. In that stipulation, tenant, then sued as a subtenant but claiming tenancy rights by virtue of landlord’s or landlord’s predecessor’s acceptance of rent payments directly from him, agreed that he (and his now-deceased wife) would be given a two-year lease with a one-year renewal option, that he would have no further renewal rights, and that the apartment would be “destabilized.” While we agree with the Housing Court’s further ruling that this stipulation was not invalidated by section 2520.13 of the Rent Stabilization Code (9 NYCRR) (see Matinzi v Joy, 60 NY2d 835 [1983]; Eckstein v New York Univ., 270 AD2d 208 [2000]; Merwest Realty Corp. v Prager, 264 AD2d 313 [1999]; Kent v Bedford Apts. Co., 237 AD2d 140 [1997]; Veski v Connors, 2002 NY Slip Op 50201[U] [App Term, 1st Dept]; 437 Palisade Ave. Realty Corp. v Boyd, 124 Misc 2d 759 [App Term, 2d Dept 1984]), we dis *48 agree with the court’s conclusion that the Martin Act defense was waived. Landlord’s entry into a lease for the 1997-1999 term with tenant, after the lease and renewal option provided for in the stipulation had been exhausted, created a tenancy that may well be subject to the Martin Act (Geiser v Maran, 189 Misc 2d 442 [2001]; Paikoff v Harris, 185 Misc 2d 372 [1999]), and nothing in the 1993 stipulation waived the Martin Act rights which might arise from this subsequently-created tenancy. Moreover, landlord failed to adequately establish that it would be unfairly surprised and significantly prejudiced by allowing the answer to be amended (Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]; Hilltop Nyack Corp. v TRMI Holdings, 275 AD2d 440 [2000]). We note that the delay in asserting the defense may have been attributable, at least in part, to landlord’s failure to allege in the petition that it is a sponsor or holder of unsold shares, that the building was converted to cooperative ownership pursuant to a noneviction plan and is subject to the Martin Act, and the reason, if any, why tenant is not protected by said act.
The arguments raised by the dissent with respect to the proper interpretation of the Martin Act were amply addressed by this court in Paikoff v Harris (185 Misc 2d 372 [1999], supra) and Geiser v Maran (189 Misc 2d 442 [2001], supra) and will not be further addressed here.