Motion to dismiss appeals as moot, and other related relief, denied.

■ In the Matter of DANIELLE SANDOW et al., Appellants, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 135 WEST 13TH STREET, LLC, Intervenor-Respondent. [911 NYS2d 322]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered June 4, 2009, dismissing this proceeding to challenge respondent State of New York Division of Housing and Community Renewal's (DHCR's) determination that, upon the termination of single family residential rental and occupancy, the subject apartments would remain rent-stabilized and not revert to rent-control status, unanimously affirmed, without costs.

Petitioners are Manhattan tenants at 133 West 13th Street, a building owned by intervenor 135 West 13th, LLC. The two apartments in question, which had been rent-controlled, were decontrolled pursuant to March 14, 1957 orders that stated the decontrol would be "effective only so long as the newly created housing accommodations are rented for single family occupancy." Those orders were authorized by the Rent Control Law (*see* Administrative Code of City of NY § 26-403 [e] [2] [i] [2]).

As conceded by petitioners, the apartments became rent-stabilized with the enactment of the Emergency Tenant Protection Act of 1974 (ETPA), which applied to all housing accommodations that were "heretofore or hereafter decontrolled, exempt, not subject to control, or exempted from regulation and control" under the existing Local Emergency Housing Rent Control Act of 1962 (*see* ETPA § 3 [McKinney's Uncons Laws of NY § 8623 (a) (L 1974, ch 576, sec 4, § 3, as amended)]). The New York City Council's incorporation of ETPA's language into the protections of rent stabilization was "a clear declaration that both the State Legislature and the City Council intended that to the extent that the Emergency Tenant Protection Act applied, it should supersede pre-existing exemptions" (*Axelrod v Starr*, 52 AD2d 232, 235 [1976], *affd* 41 NY2d 942 [1977]). ETPA's applicability to temporarily decontrolled apartments removed such apartments from coverage under the preexisting law, in the absence of any applicable exclusion (*see Matter of Zeitlin v New York City Conciliation & Appeals Bd.*, 46 NY2d 992 [1979]). Accordingly, the apartments in question are no longer subject to reversion to rent-control status upon cessation of the condition of decontrol. Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.