■ 425 THIRD AVENUE REALTY Co., Respondent, v SCOTT GREENFIELD et al., Appellants. [912 NYS2d 39]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered December 4, 2009, following a nonjury trial, awarding plaintiff the principal sum of $35,942.68, unanimously affirmed, with costs. Appeals from orders, same court and Justice, entered September 29 and October 23, 2009, which denied defendants' motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The trial court properly concluded that defendants owed plaintiff use and occupancy for the period from April 2006 through October 2007. Even though the evidence adduced on the motions and at trial established that plaintiff's former managing agent had negligently failed to furnish defendants with a rent-stabilized lease, failed to bill defendants for rent over the first 18 months, and represented to the Division of Housing and Community Renewal (DHCR) that the apartment was vacant, it also established that defendants agreed to pay the then-current regulated rent of $1,891.72 per month when they moved into the apartment, and that they resided in the apartment for over three years without paying any rent whatsoever. Defendants fail to establish that they had an understanding with plaintiff allowing them to live in the apartment without paying rent, and thus plaintiff is entitled to collect use and occupancy (see *Goldman v Segal*, 278 AD2d 74 [2000]).

There was sufficient evidence adduced at trial to support the court's award of damages. Plaintiff's managing partner testified that the last registered regulated rent for the apartment was $1,891.72 per month, which was the amount he collected from the former tenant before she vacated in 2004. This testimony is fully corroborated by the DHCR registration forms. Defendants did not offer any evidence suggesting that a lesser amount was correct. To the contrary, Greenfield himself testified that he was initially offered the apartment at $1,891.72 per month. Nor did defendants adduce any evidence of fraud on plaintiff's part in

setting the regulated rents over the years so as to render the DHCR registration records inherently unreliable (*cf. Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin.*, 68 AD3d 29 [2009], *affd* 15 NY3d 358 [2010]).

We also find no merit to the defense premised on General Business Law § 130 (9) barring plaintiff—an entity conducting business under an assumed name or partnership—from bringing suit for failure to file a certificate in New York County setting forth the name/designation and address under which such business is conducted or transacted, and the full names of those conducting or transacting such business, as required by section 130 (1) (ii) (a). Even though plaintiff owns buildings in New York County, it runs its business from Westchester County, where its offices are located. There is no dispute that plaintiff has filed the required certificate in Westchester County, and indeed, when its managing partner attempted to file a certificate in New York County, it was unable to do so because it does not maintain an office here.

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.