OPINION OF THE COURT
Sabrina B. Kraus, J.
Background
This summary holdover proceeding was commenced by 300 East 64th Street Partners, LLC against Ben Boissevain, the tenant of record of 300 East 64th Street, apartment 22-D, New York, New York 10065, based on the allegations that respondent is a month to month tenant and that his tenancy was terminated by a 30-day notice dated November 25, 2014, effective December 31, 2014. Respondent asserts he is entitled to protection from eviction under the Martin Act.
Procedural History
After the notice of termination was issued, petitioner issued a notice of petition and petition dated January 5, 2015, and the proceeding was initially returnable January 22, 2015. Respondent appeared pro se. On March 5, 2015, the parties entered into a stipulation of settlement, wherein respondent agreed to vacate by April 30, 2015 and pay use and occupancy.
Respondent failed to comply with the stipulation of settlement and on April 6, 2015, petitioner moved for entry of a judgment and related relief. Respondent retained counsel and on May 11, 2015 cross-moved to vacate the stipulation of settlement and for summary judgment dismissing the proceeding. Pursuant to a decision and order dated November 20, 2015, the court (Katz, J.) denied petitioner’s motion for a judgment and granted the motion to vacate the stipulation, but denied respondent’s request for summary judgment finding there were contested issues of material fact requiring a trial.
Respondent has never filed a written answer, but it is clear from the history of the litigation and the motion papers that respondent’s answer is deemed to be the argument asserted in *959 the motion to vacate the stipulation, namely, that he is protected from eviction by virtue of the Martin Act. This is the basis on which both parties sought summary judgment despite a formal joinder of issue as contemplated by CPLR 3212 (a).
On February 4, 2016, petitioner moved for summary judgment. On March 14, 2016, the motion was heard by this court and the court reserved decision.*
Motion
Despite the court’s November 20, 2015 ruling that there were issues of fact requiring a trial, both parties seem to agree that there are no disputed issues of material fact.
The facts as agreed to by the parties are as follows. Respondent first took occupancy of the subject premises pursuant to a written lease dated April 27, 2011 for a one-year term through April 30, 2012 (exhibit E to petitioner’s moving papers). The initial lease provides that the subject premises would be occupied by respondent and Ekaterina Nelson. The lease was renewed for an additional one-year term through April 2013 (exhibit F to the moving papers). After the expiration of this renewal lease, from May 2013 through November 2014, no further leases were executed between the parties and respondent remained in occupancy, as a month to month tenant, until service of the notice of termination in this proceeding.
It is undisputed that the subject premises are exempt from rent regulation.
The subject building was converted to condominium ownership under a non-eviction plan. The offering plan was accepted for filing on May 6, 2014 by the Attorney General (exhibit H to moving papers).
While respondent has not renewed his cross motion for summary judgment, CPLR 3212 (b) provides that “ [i]f it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.”
General Business Law § 352-eeee (1) (e) provides in pertinent part: “ ‘Non-purchasing tenant.’ A person who has not purchased under the plan and who is a tenant entitled to possession at the time the plan is declared effective or a person to *960 whom a dwelling unit is rented subsequent to the effective date.”
General Business Law § 352-eeee (2) (c) (ii) provides in pertinent part that under non-eviction plans “[n]o eviction proceedings will be commenced at any time against non-purchasing tenants for failure to purchase or any other reason applicable to expiration of tenancy . . . .”
The question before the court is whether a tenant who remains as a month to month tenant after the expiration of written leases and prior to the date the offering plan was accepted for filing is a non-purchasing tenant as defined by the statute.
Real Property Law § 232-c provides:
“Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant’s holding over. In the case of such a holding over by the tenant, the landlord may proceed, in any manner permitted by law, to remove the tenant, or, if the landlord shall accept rent for any period subsequent to the expiration of such term, then, unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month commencing on the first day after the expiration of such term.”
It has been held that “[i]n the absence of contravening proof, the law presumes that where there is a general letting with a monthly rent reserved, an indefinite month-to-month tenancy is created” and that the termination of said tenancy requires a 30-day notice (Gerolemou v Soliz, 184 Misc 2d 579 [App Term, 2d Dept 2000]).
The closest case on point is MH Residential 1, LLC v Barrett (78 AD3d 99 [1st Dept 2010]). In MH Residential the Appellate Division, First Department held that where the lease had expired tenants remaining in possession were not non-purchasing tenants entitled to protection under the Martin Act. The Court held that the tenancy rights of the respondents were “extinguished” by the expiration of the lease. However, in that case there was no continuation of the landlord tenant relationship between the parties in the form of a month to month tenancy, and the Court further noted:
*961 “The hard truth is that in the context of an unregulated tenancy, ‘[a]t the expiration of the term, the tenant leaves because his rights to possession have expired’ (Stahl Assoc. Co. v Mapes, 111 AD2d 626, 628 [1985]). While that precept is not absolute, such as where tenancies are subject to statutory rent protections, or where the landlord accepts monthly rent payments after the lease term has expired (see Real Property Law § 232-c), the general rule, rather than any exception, applies here.” (MH Residential at 104.)
The Appellate Division defines the issue as whether respondents were tenants entitled to possession at the time the plan was declared effective.
In its reply papers, petitioner cites the Appellate Division decision in Bleecker St. Tenants Corp. v Bleeker Jones LLC (65 AD3d 240 [2009]) for the proposition that in a month to month tenancy each month is a new term for a new period. However, that decision was reversed by the Court of Appeals which held that the rule against perpetuities does not apply to renewal leases and in so holding noted that where the tenant remained in possession after the expiration of the lease “the tenant would remain a tenant, lawfully in possession of the property, at least on a month-to-month basis” (Bleecker St. Tenants Corp. v Bleecker Jones LLC, 16 NY3d 272, 278 [2011]).
But even if the court adopts petitioner’s argument that each month in a month to month tenancy is a separate lease agreement for that month, respondent would still qualify both as a tenant entitled to possession at the time the plan was declared effective and a person to whom a dwelling unit was rented subsequent to the effective date (Park W. Vil. Assoc. v Chiyoko Nishoika, 187 Misc 2d 243 [2000]).
The plan was accepted for filing on May 6, 2014. The notice of termination was dated November 25, 2014. Respondent asserts that rent was paid and accepted after the date of the offering plan and it is undisputed that on May 6, 2014, respondent was a tenant entitled to possession and that said month to month tenancy was either continued or renewed at least through October, if not November 2014. Neither party provides proof in their papers as to the last payment made and accepted prior to the termination. Respondent’s affidavit which states that petitioner accepted rent from respondent from April 30, 2013 through December 31, 2014 is not rebutted by petitioner. *962 Additionally, annexed to petitioner’s moving papers is a letter dated September 3, 2014, advising that petitioner had elected to “discontinue and terminate” respondent’s month to month tenancy effective October 31, 2014 (exhibit E to respondent’s aff in opposition).
The harm sought to be avoided by the provision of the Martin Act is the eviction of tenants in possession prior to and during the conversion process. As noted by the Appellate Division, “the Martin Act reflects a public interest in protecting tenants properly in possession who do not desire or who are unable to purchase the units in which they reside, and therefore should be liberally construed” (MH Residential at 104). Respondent was lawfully a tenant in possession of the subject premises as of May 6, 2014, as well as the months before and after said date. Respondent therefore qualifies as a non-purchasing tenant under the act and is not subject to eviction based on the 30-day notice of termination.
Based on the foregoing, petitioner’s motion for summary judgment is denied and pursuant to CPLR 3212 (b) respondent is awarded summary judgment and the petition is dismissed.

 The Part E judge was absent and Judge Kraus covered Part E and retained jurisdiction over the motion in accordance with administrative directions.