31 Cornelia Properties Corp. Petitioner-Landlord-Appellant, -
against
Charles Lemma and Lucille Lemma, Respondents-Tenants-Cross- Appellants, -and- Kyle Lemma, "John Doe" and/or "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Arlene H. Hahn, J.), dated January 30, 2015, as denied its motion for summary judgment of possession in a holdover summary proceeding. Tenants cross-appeal from so much of the same order as denied their cross motion to dismiss the petition and for summary judgment on their rent overcharge counterclaim.




Per Curiam.
Order (Arlene H. Hahn, J.), dated January 30, 2015, affirmed, without costs.
This holdover summary proceeding, based upon allegations that tenants' fair market lease agreement expired by its terms, is not susceptible to summary disposition, since the record now before us presents mixed questions of law and fact as to the rent regulatory status of the apartment premises. 
While both parties have framed the issue as whether the apartment is subject to, or exempt from, rent stabilization, among the issues requiring resolution at trial are whether the apartment, which tenants purportedly occupied since 1962 (prior to the 1969 enactment of the Rent Stabilization Law) is rent controlled, or subject to rent stabilization pursuant to the Emergency Tenant Protection Act of 1974 (see Matter of Sandow v State of NY Div. of Hous. & Community Renewal, 78 AD3d 530 [2010]), but temporarily exempt because it was occupied by then-owner, Charles Lemma, the tenant herein.
In addition, (1) assuming the premises are rent controlled, there are unresolved issues as to whether the transaction at issue - where, upon Lemma's sale of the building for substantial consideration, he was permitted to remain in occupancy pursuant to a fair market lease - was enforceable (see Merwest Realty Corp. v Prager, 264 AD2d 313 [1999]; Eckstein v New York [*2]Univ., 270 AD2d 208 [2000], lv denied 95 NY2d 760 [2000]), or, (2) assuming the premises was rent stabilized but temporarily exempt, whether, upon the sale of the building and expiration of the temporary exemption, a vacancy by operation of law occurred (see Matter of Ogunrinde v New York State Div. of Hous. & Community Renewal, 2010 NY Slip Op 33350[U] [Sup Ct, NY County 2010, Gische, J.], affd 110 AD3d 441 [2013]), creating a statutory basis for high rent deregulation (see Matter of Hatanaka v Lynch, 304 AD2d 325 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
31 Cornelia Properties Corp. v Charles Lemma et al. 15-373/374

Hon. Doris Ling-Cohan
Concurring Opinion
I concur that the lower court should be affirmed, as there are clearly triable issues of material facts, warranting a denial of the motion and cross-motion for summary judgment. However, while my colleagues cite to Matter of Sandow v State of NY Div. Of Hous. & Community Renewal (78 AD3d 530 [1st Dept 2010]), Merwest Realty Corp. v Prager (264 AD2d 313 [1999]), Eckstein v New York Univ. (270 AD2d 208 [2008], lv denied 95 NY2d 760 [2000]), Matter of Ogunrimde v New York State Div. Of Hous. & Community Renewal (2010 NY Slip Op 33350 [U][Sup Ct, NY County 2010, Gische, J.], affd 110 AD3d 441 [2013]) and Matter of Hatanaka v Lynch (304 AD2d 325 [2003]), for various legal propositions, I note that none of the above indicated cases directly stand for the legal principles stated by the majority and were not cited by either of the parties, on this appeal. For example, Matter of Ogunrimde v New York State Div. of Hous. and Community Renewal, supra, cited by the majority for the proposition of the creation of "a vacancy by operation of law", never uses such words, and involved a unit that was occupied by transients, prior to the subject tenancy. As a further example, Matter of Hatanaka v Lynch, supra, cited for "creating a statutory basis for high rent deregulation", also does not use such words in the body of the decision and concerned the occupation of a unit by an educational institution. 
Decision Date: May 17, 2016