<partyblock>

23rd Street Owner LLC, Petitioner-Landlord-Respondent,

against

Kristian Seeber, Respondent-Tenant-Appellant.

Tenant appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated September 19, 2016, which denied his motion for leave to conduct discovery in a nonpayment summary proceeding and granted landlord's cross motion to dismiss tenant's rent overcharge defense and counterclaim, and for summary judgment on the petition.

Per Curiam.

Order (Jack Stoller, J.), dated September 19, 2016, affirmed, with $10 costs.

Landlord's cross motion for summary judgment was properly granted. The motion court correctly determined that the base date rent is the legal rent (see Rent Stabilization Code [9 NYCRR]  2520.6[e], [f][1]; 2526.1[a][3][i]). Tenant failed to raise any triable issue as to fraud on landlord's part in setting the regulated rents over the years so as to warrant consideration of the rental history beyond the four-year statutory period (see Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999 [2014]; 425 Third Ave. Realty Co. v Greenfield, 78 AD3d 542 [2010]). The increase in the rent prior to the look-back period, based upon a certain vacancy increase allowance that tenant now claims was unauthorized, does not establish a colorable claim of fraud (see Matter of Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]; see also Matter of Hatanaka v Lynch, 304 AD2d 325, 326 [2003] ["legislative scheme specifically precludes examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of the complaint even where the prior rental history clearly indicates that an unauthorized rent increase had been imposed"). Significantly, landlord complied with all of the rent registration requirements. Accordingly, the information on which tenant's overcharge claim is based was available when he moved into the apartment in 2010, at which time he was within the four-year period permitting a challenge to the rent without having to show a fraudulent predicate.

We have considered tenant-appellant's remaining arguments and find them to be without merit.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: May 25, 2017

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>