OPINION OF THE COURT Per Curiam. Final judgment, entered December 18, 2015, affirmed, with $25 costs. Landlord’s cross motion for summary judgment on the nonpayment petition was properly granted. The undisputed evidence in the record establishes that Jessica Pavella, the “permanent tenant” of the subject hotel dwelling unit (Rent Stabilization Code [RSC] [9 NYCRR] § 2520.6 |j]), stopped paying rent in October 2011, and owed landlord some $39,000 in rent arrears. No triable issue was raised by tenant as to any rent overcharge. Because the overcharge counterclaim was interposed in October 2013, the base date for determining any overcharge is some point in October 2009 (see RSC § 2520.6 [f] [1]). The submitted New York State Division of Housing and Community Renewal rent registration records establish that the subject hotel unit was registered as “temporarily exempt” from 2006 to 2010, inclusive of the October 2009 base date, based on the then-permissible “SRQ/Transient” occupancy exemption (see RSC § 2520.11 [g]). RSC § 2526.1 (a) (3) (iii), as amended, provides that where a housing accommodation is vacant or temporarily exempt from regulation on the base date, the legal regulated rent is the “prior legal regulated rent” plus any authorized increases and adjustments. Based upon the submitted rent registration records, Civil Court correctly determined that the “prior legal regulated rent” was $1,250. This was the rent that was registered in 2005 when the last stabilized tenant was in occupancy and immediately prior to the unit being registered as temporarily exempt. Since this amount (even without adding any authorized increases and adjustments) is greater than the amount charged to and paid by tenant, to wit, $1,050, no overcharge occurred. Nor has tenant raised any triable issue as to fraud on landlord’s part in setting the regulated rents over the years so as to warrant consideration of the rental history beyond the four-year statutory period (see CPLR 213-a; Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; Matter of Boyd v New York State Div. of Hous. & Community Renewal, 23 NY3d 999 [2014]; Matter of Grimm v State of N.Y. Div. of Hous. & Community Renewal Off. of Rent Admin., 15 NY3d 358, 366-367 [2010]; 425 Third Ave. Realty Co. v Greenfield, 78 AD3d 542 [2010], lv denied 16 NY3d 705 [2011]). Lowe, III, P.J., Shulman and González, JJ., concur.