A&L 1664 LLC v Jaspar Hospitality LLC (2022 NY Slip Op 00264)





A&L 1664 LLC v Jaspar Hospitality LLC


2022 NY Slip Op 00264


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 158896/20 Appeal No. 15075 Case No. 2021-01800 

[*1]A&L 1664 LLC et al., Plaintiffs-Appellants,
v
Jaspar Hospitality LLC, Defendant-Respondent.


Law Office of Allison M. Furman, P.C., New York (Allison M. Furman of counsel), for appellants.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about December 16, 2020, which denied plaintiffs' motion for a default judgment against defendant and sua sponte dismissed the complaint, unanimously modified, on the law, to reinstate the complaint, and remand the matter for further proceedings consistent herewith, and otherwise affirmed, without costs.
Although an order issued by a court sua sponte is not appealable as of right (CPLR 5701[a][2]), we deem plaintiffs' notice of appeal a motion for leave to appeal from that part of the order, and grant leave (see CPLR 5701[c]; Ray v Chen, 148 AD3d 568 [1st Dept 2017]).
The motion court erred in sua sponte dismissing the complaint on the ground that this action was a landlord-tenant dispute that should have been brought as a summary proceeding in Civil Court. Supreme Court has unlimited general jurisdiction over all real property actions, including those commenced by a landlord against a tenant (NY Const, art VI, § 7[a]; see Chelsea 18 Partners, LP v Sheck Yee Mak, 90 AD3d 38, 41 [1st Dept 2011]). Supreme Court, however, has the discretion to decline to entertain such an action on the ground that a pending action in Civil Court was the proper forum (cf. Brecker v 295 Cent. Park W., Inc., 71 AD3d 564, 565 [1st Dept 2010]; Eckstein v New York University, 270 AD2d 208 [1st Dept 2000]).
Here, Supreme Court was the appropriate forum for this action to recover rental arrears because the Executive Orders implemented in response to the pandemic precluded the landlord from commencing a nonpayment proceeding in Civil Court during the relevant period, compelling the landlord to commence this action. Because the complaint was dismissed more than two weeks before the return date of the default motion, we remand for further proceedings including, as appropriate, renewal of the motion on notice.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022