Matter of Oversight Mgt. Servs., LLC v Soliman (2023 NY Slip Op 05039)

Matter of Oversight Mgt. Servs., LLC v Soliman

2023 NY Slip Op 05039

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Index No. 159791/21 Appeal No. 723 Case No. 2023-00127 

[*1]In the Matter of Oversight Management Services, LLC, Petitioner-Appellant,
v
Sherif Soliman etc., et al., Respondents-Respondents.

Goldberg & Bokor, LLP, Cedarhurst (Scott Goldberg of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kira Wallisch of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (William Franc Perry, J.), entered October 7, 2022, insofar as appealed from, denying the petition to the extent it seeks to annul so much of the determination of the New York City Department of Finance, dated September 3, 2021, which denied petitioner's request to reclassify its property from Tax Class 2 to Tax Class 2, Sub-Class 2b for fiscal years 2015/2016 and 2016/2017, unanimously affirmed, without costs.
The court correctly determined that petitioner waived its right to seek judicial review of respondent's tax assessments for the fiscal years 2015/2016 and 2016/2017. In its settlement agreements with the Tax Commission of the City of New York for those years, petitioner expressly "waive[d] [his] rights to further review of the current and prior assessments, including further review of claims relating to determinations by the Department of Finance of exemption and classification" and agreed not to "commence a proceeding to review the current assessment." The agreements broadly define "proceeding" as "any administrative or judicial action or proceeding" that seeks a change in an assessment. Thus, pursuant to the plain terms of the agreements, petitioner is foreclosed from challenging respondent's determinations in this CPLR article 78 proceeding. We note that settlement agreements are generally favored by the courts, and we perceive no public policy or other reason for setting aside the parties' agreements (see Denburg v Parker Chapin Flattau & Klimpl , 82 NY2d 375, 383 [1993]; Merwest Realty Corp. v Prager , 264 AD2d 313, 313 [1st Dept 1999]).
We have considered petitioner's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023