Calix Realty Holdings LLC v Ramos (2024 NY Slip Op 50523(U))

[*1]

Calix Realty Holdings LLC v Ramos

2024 NY Slip Op 50523(U)

Decided on May 3, 2024

Civil Court Of The City Of New York, Queens County

Schiff, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 3, 2024
Civil Court of the City of New York, Queens County

Calix Realty Holdings LLC, Petitioner-Landlord,

against
Nazario Antonio Ramirez Ramos, Respondent-Tenant, and 
 GENARO MAYA PEREZ, JOHN DOE and JANE DOE, Respondents-Occupants.

Index No. L&T 321626/23

Logan J. Schiff, J.

Calix Realty Holdings LLC ("Petitioner") commenced this summary holdover proceeding against Nazario Antonio Ramirez Ramos ("Respondent"), and his undertenants/occupants Genaro Maya Perez, John Doe, and Jane Doe (collectively "Respondents") seeking to recover possession of Apartment 4H in the building known as 21-28 35th Street, Astoria, New York 11105 ("subject premises") upon service and filing of the Petition and Notice of Petition (NYSCEF Doc. Nos. 1-3), and the affidavit of service for the Notice of Petition and Petition (NYSCEF Doc. No. 4).
The basis of the proceeding is a "no cause" lease expiration holdover pursuant to Real Property Law 232-a following service of a 90-day notice of termination. While the subject premises is located within a building that is presumptively subject to the New York City Rent Stabilization Law of 1969 ("RSL") by virtue of its containing over six units and construction before 1974 (see Emergency Tenant Protection Act of 1974, Unconsol. L. § 8621 et seq, L. 1974, Ch 576, § 4), the Petition pleads that the unit is exempt because it is a cooperative apartment. Apartments in rent-stabilized buildings converted to cooperative ownership with the approval of the New York Attorney General are temporarily excluded from coverage under the RSL (see Federal Home Loan Mortg. Corp. v. New York State Div. of Hous. & Community [*2]Renewal, 87 NY2d 325 [1995]).[FN1]

The court conducted an inquest on April 26, 2024, following the non-appearance of all Respondents. Sophia Yan, the managing agent for Petitioner testified, and the court admitted into evidence a UCC-1 financing statement reflecting that Petitioner obtained a bank loan collateralized by its interest in the cooperative shares appurtenant to the subject apartment and several other units in the premises. Neither the shares nor the proprietary lease was offered into evidence.
Based on Ms. Yan's testimony, the court took judicial notice of the Petition, Notice of Petition, 90-day termination notice, and affidavits of service thereto. Ms. Yan testified that to her knowledge none of the Respondents are elderly or disabled, and that there is no known application for assistance under the Emergency Rental Assistance Program. Ms. Yan described Petitioner as the holder of unsold shares associated with the unit, as opposed to a purchaser for occupancy purposes. She testified that the building was converted to cooperative ownership decades ago, that Respondent moved in after the conversion, and that his lease expired before service of the termination notice. Although Ms. Yan did not introduce the offering plan, the court takes judicial notice of Goldstein v Bass, 2016 NY Slip Op 03060 [1st Dept 2016], which indicates that the subject premises was converted to cooperative apartments some time prior to 1995, that the sponsor of the conversion defaulted in 1995, and that more than 300 of the 617 units were sold to different entities affiliated with the cooperative corporation, including Petitioner and its principal Michael Leifer.
At the conclusion of the inquest, the court invited Petitioner to submit a post-trial memorandum of law articulating why a holder of unsold shares is not subject to the Martin Act, General Business Law ("GBL") § 352-eeee, which precludes a no cause eviction against a non-purchasing tenant based on "expiration of tenancy" and bars unconscionable rental increases (see Paikoff v Harris,185 Misc.2d372, 377 [App Term, 2d Dept, 2d & 11th Jud Dists 1999], citing General Business Law § 352-eeee[2][c][ii],[iv]). Petitioner did not submit a memorandum, relying instead on oral opposition, in which it stated that the Martin Act only applies to the sponsor of a conversion.
While Petitioner is correct that the Martin Act excludes from protection units owned by a "[p]urchaser under the plan" (GBL § 352-eeee[1][d]), the Appellate Term in the Second Department has held that neither a sponsor nor any other "holder of unsold shares" qualifies for this exemption (see Kew Gardens Hills Apt. Assoc. v Jeffers, 2003 NY Slip Op 51132[U] at *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]; Geiser v Maran, 189 Misc 2d 442 [App Term, 2d Dept, 2d & 11th Jud Dists 2001]). The Appellate Term reasoned that in enacting the Martin Act, the legislature "expressed the necessity of 'preventive action in restricting rents and evictions during the process of conversion' (L. 1982, ch. 555, § 1)" a process which "does not end until all unsold shares are sold" (Geiser v Maran at 445; cf. Park W. Vill. Assocs. V Nishoika, 187 Misc 2d 243 [App Term, 1st Dept 2000]). Under New York Attorney General regulations related to cooperative offerings, "[s]uch shares shall cease to be unsold shares when purchased by a purchaser for occupancy" (Geiser v Maran at 445, citing 13 NYCRR 18.3[w][1]).
Accordingly, since it is undisputed that Petitioner is a holder of unsold shares rather than a purchaser for occupancy purposes, and it has neither pled nor established a basis for exemption from the protections afforded to non-purchasing tenants under the Martin Act, Petitioner's request for a judgment after inquest is denied, and the proceeding is dismissed without prejudice pursuant to CPLR 409(b) for failure to state a cause of action (see Aero Mgt v Moghadasian, 74 Misc 3d 132[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; MMB Apts. LLC v Guera, 45 Misc 3d 132[A] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
This constitutes the decision and order of the court.
Dated: Queens, New York
May 3, 2024
Hon. Logan J. Schiff, J.H.C.

Footnotes

Footnote 1: Non-purchasing rent-stabilized tenants in occupancy prior to the conversion remain subject to the RSL (see GBL § 352-eeee[2][c][vii]).