Meadowwood Towers II LLC. v Stewart (2026 NY Slip Op 50316(U))

[*1]

Meadowwood Towers II LLC. v Stewart

2026 NY Slip Op 50316(U)

Decided on March 13, 2026

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
Civil Court of the City of New York, Kings County

Meadowwood Towers II LLC., Petitioner

againstDebora Stewart John Doe; Jane Doe 200 Cozine Avenue Apt 8E Brooklyn, New York 11207, Respondent

Index No. LT No. 317321/24 

 

Hannah Cohen, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of petitioner's motion seeking summary judgment pursuant to CPLR 3212 and RPAPL 741 and ensuing opposition and reply. 
Papers   
 NumberedNotice of Motion 1Opposition 2Reply 3Upon the foregoing cited papers, the Decision and Order on this Motion is as follows:
Petitioner commenced this holdover proceeding after service of a 90 day termination notice. Petitioner alleges the premises are not subject to good cause eviction as the unit is a cooperative.
Respondents appear with counsel and seek summary judgment dismissing the petition pursuant to CPLR 3212 and RPAPL 741 in that respondent is a non purchasing tenant entitled to protections under the Martin Act per Section 352-eeee(i)(e)(iii), In support respondent attaches her first lease in 2021 and her renewal lease in 2023 with Fairfield Presidential Associates LP, a letter from Tacfield Associates LLC in 2006 that it had purchased the coop from Fairfield Presidential Assoc. LLP, copy of deed in 2021 which sold the property from Meadowwood NY LLC to Meadowwood Towers II LLC. Fairfield was the original sponsor in 1994. Respondent points to the holding in the 2nd Department which holds that even tenants who came into possession after the conversion plan are still protected under the Martin Act when ownership is [*2]transferred to a entity that did not purchase the premises for occupancy. Respondent points the court to the holding in Paikoff v Harris, 185 Misc 2d 372 [AT 2nd Dept 1999] and Geiser v Maran, 189 Misc 2d 742 [AT 2nd Dept 2001] as decisive on this issue.
Petitioner in opposition notes the holding is different in the first department and to allow respondent to stay would create a perpetual tenancy not contemplated in the Martin Act.
In reply respondent offers the bylaws and proprietary agreement.
Respondent seeks summary judgment in this proceeding. Summary judgment will be granted "if upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]). The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Zuckerman v City of New York, 49 NY2d 557 [1980]). In considering a summary judgment motion, the courts function is to determine whether a material issue of fact exists, not to determine said issues (Esteve v Abad, 271 AD 725 [1st Dept 1947]). Summary judgement should be granted when the moving party makes a prima facie showing of entitlement to judgment as a matter of law, giving sufficient evidence to eliminate any material issues of fact from the case. See (Winegrad v New York University Medical Center, 64 NY2d 851 [1985]). Moreover where "competing inference may reasonably be drawn" from offered proof, summary judgment is inappropriate."(See Myers by Mers v Fir Cab Corp., 64 NY2d 806 [1986]).
Respondent seeks dismissal based upon CPLR 3212 and RPAPL 741 in that petitioner failed to state that respondent is entitled to protections under the Martin Act and as such the predicate notice and notice of petition and petition are defective and mandates dismissal.
With respect to the sufficiency of the predicate notice, the test is whether the notice "is one of reasonableness in view of the attendant circumstances." (Hughes v Lenox Hill Hosp., 226 AD2d 4 [1st Dept 1996]; Oxford Towers Co. LLC v Leites, 41 AD3d 144 [1st Dept 2007]). Courts must make a fact specific analysis of each case considering the totality of the circumstances surrounding a particular case. Rent Stabilization Code 2524.2(b) requires that the predicate notice state the facts necessary to establish the existence of the ground upon which the owner relied for the removal of the tenant (Barrett v Silva, 18 Misc 3d 126[A] [App Term 2d & 11th Jud Dist 2007] citing Berkeley Assoc. Co. v Camlakides, 173 AD2d 193 [1st Dept 1991]. The courts are required to make a fact-specific analysis considering the totality of circumstances surrounding a particular case. Rent Stabilization Code section 2524.2(b) requires that the predicate notice state the facts necessary to establish the existence of the ground upon which the owner relies for the removal of the tenant (Barrett v Silva, 18 Misc 3d 126[A] [App Term 2d & 11th Jud Dist 2007]. 
A review of the intent of the Martin Act, (L. 1982, ch. 555, § 1) indicates there is a "public interest" in avoiding dislocations of non purchasing tenants, and statutes promoting a public interest are to be liberally construed (McKinney's Cons. Law of NY, Book 1, Statutes, § 341) In Paikoff v. Harris, 185 Misc 2d 372, 377—78, 713 N.Y.S.2d 109, 113 (App. Term 1999), mod. 185 Misc 2d 372, 713 N.Y.S.2d 109, which held that a tenant who rents an apartment from a sponsor after the transfer of title to the cooperative corporation is protected as a non-purchasing tenant (but see, Park West Village v. Nishioka, N.Y.L.J., May 26, 1999 [Civ. Ct., NY County], [*3]affd. sub nom. Park West Village v. Nishoika, 187 Misc 2d 243, 721 N.Y.S.2d 459; Pembroke Sq. Assocs. v. Coppola, N.Y.L.J., May 5, 1999 [Civ. Ct., Queens County]; Geiser v. Maran, 189 Misc 2d 442, 443, 732 N.Y.S.2d 825, 825 (App. Term 2001). Moreover, Courts have held that the shares held by the sponsor after the closing of title are considered "unsold shares" (see, e.g., People v. Lexington Sixty First Assoc., 38 NY2d 588, 598-599). As "unsold shares" retain their character as unsold shares until they become the property of a purchaser for occupancy (see, e.g., Sims v. Darwood Mgt., 147 AD2d 373, 373-374; 4 New York Practice Guide, Real Estate § 3.9.08[37] [Mathew Bender]).
Fairfield Presidential Associates LP therefore was the sponsor of unsold shares after the coversion. It subsequently sold the unit to Tacfield which sold to Meadowwood NY which sold to Meaddowwood Towers II, all the while with the Coop never having being purchased by a purchaser for occupancy. While Petitioner is correct that the Martin Act excludes from protection units owned by a "[p]urchaser under the plan" (GBL § 352-eeee[1][d]), the Appellate Term in the Second Department has held that neither a sponsor nor any other "holder of unsold shares" qualifies for this exemption (see Kew Gardens Hills Apt. Assoc. v Jeffers, 2003 NY Slip Op 51132[U] at *3 [App Term, 2d Dept, 2d & 11th Jud Dists 2003]; Geiser v Maran, 189 Misc 2d 442 [App Term, 2d Dept, 2d & 11th Jud Dists 2001]). The Appellate Term reasoned that in enacting the Martin Act, the legislature "expressed the necessity of 'preventive action in restricting rents and evictions during the process of conversion' (L. 1982, ch. 555, § 1)" a process which "does not end until all unsold shares are sold" (Geiser v Maran at 445; cf. Park W. Vill. Assocs. V Nishoika, 187 Misc 2d 243 [App Term, 1st Dept 2000]). Under New York Attorney General regulations related to cooperative offerings, "[s]uch shares shall cease to be unsold shares when purchased by a purchaser for occupancy" (Geiser v Maran at 445, citing 13 NYCRR 18.3[w][1]). As Petitioner is the holder of unsold shares rather than a purchaser for occupancy purposes, and it has neither pled nor established a basis for exemption from the protections afforded to non-purchasing tenants under the Martin Act. Respondent's motion for summary judgment seeking dismissal per RPAPL 741 is granted without prejudice for failure to allege a basis to terminate a tenancy under the Martin Act and misstatement of respondent's tenancy. (See Calix Realty Holdings LLC v. Ramos, 82 Misc 3d 1242(A), 208 N.Y.S.3d 923 (NY Civ. Ct. 2024).
This constitutes the decision and order of this court.
Dated: March 13, 2026Brooklyn, New YorkHannah Cohen, J.H.C.